IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROSS E. PIES,

                Plaintiff,                      CV-09-754-ST

      v.                                   OPINION AND ORDER

DR. STEVEN CHU, SECRETARY OF
DEPARTMENT OF ENERGY,

                Defendant.

STEWART, Magistrate Judge:

      Plaintiff has filed a request for appointment of counsel to represent him in his claim alleging that defendant Dr. Steven Chu, Secretary of Department of Energy, discriminated and/or retaliated against him for supporting a co-worker's race discrimination claim.

      Generally there is no right to counsel in a civil case. *United States v. $292,888.04*, 54 F3d 564, 569 (9th Cir 1995) ("*$292.888.04*"); *United States v. 30.64 Acres of Land*, 795 F2d 796, 801 (9th Cir 1986). However, pursuant to the Prison Litigation Reform Act, 28 USC § 1915(e)(1) (formerly 28 USC § 1915(d)), this court has discretion to request volunteer counsel

1 - OPINION AND ORDER

for indigent plaintiffs in exceptional circumstances. *$292,888.04*, 54 F3d at 569; *Wood v. Housewright*, 900 F2d 1332, 1335 (9th Cir 1990); *Wilborn v. Escalderon*, 789 F2d 1328, 1331 (9th Cir 1986). While this court may request volunteer counsel in exceptional circumstances, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 US 296, 301-08 (1989). Furthermore, no funds are available to pay the services of such volunteer counsel.

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the *pro se* plaintiff to articulate his or her claim in light of the complexity of the legal issues involved. *$292,888.04*, 54 F3d at 569; *Wood*, 900 F2d at 1335-36; *Wilborn*, 789 F2d at 1331. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F2d at 1331; *Terrell v. Brewer*, 935 F2d 1015, 1017 (9th Cir 1991).

To date, plaintiff has demonstrated sufficient ability to articulate his claims. He has set forth a concise statement as to why he believes his employer discriminated and/or retaliated against him and points to the applicable federal statutes and regulations. He also clearly states the relief that he seeks. This is not a complex case with many different claims or defendants. Despite his lack of legal training, this court easily comprehends plaintiff's legal theories.

It is difficult to assess whether plaintiff has a likelihood of success. It does appear that his claim is not barred by failure to exhaust his administrative remedy or by the statute of limitations. However, if his claim has merit, then plaintiff should be able to retain his own attorney despite his lack of funds. Lawyers commonly agree to represent plaintiffs in

employment discrimination cases based upon a contingency fee arrangement. Pursuant to such an arrangement, the lawyer is paid for his services only if the plaintiff is successful and obtains a recovery. However, plaintiff does not indicate whether he has made any attempt to find his own lawyer to represent him on a contingency fee basis. If plaintiff needs assistance in that regard, he should consult the Oregon State Bar Referral Service, 503-684-3753/800-452-7636, www.osbar.org.

At this stage of the proceedings, plaintiff has shown no exceptional circumstances warranting the court's effort to obtain volunteer counsel. Therefore, plaintiff's request for appointment of counsel must be denied.

## ORDER

Plaintiff's Request for Counsel (docket #2) is DENIED.

DATED this 6th day of July, 2009.

                                            s/ Janice M. Stewart_____
                                            Janice M. Stewart
                                            United States Magistrate Judge